IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-04762-RBJ

STEEVENSON DAVILMAR,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

This matter comes before the Court on Steevenson Davilmar's ("Petitioner") Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1.

Petitioner entered the United States as a Haitian Humanitarian Parolee on October 27, 2023. *Id.* at ¶ 17. The U.S. Department of Homeland Security ("DHS") issued a parole document for Mr. Davilmar, finding that he is neither a flight risk nor a danger to the community. *Id.* Mr. Davilmar then received employment authorization and filed for Temporary Protected Status ("TPS"). *Id.* He currently has a pending asylum application. *Id.* at ¶ 18.

On August 12, 2026, Mr. Davilmar, who had been living and working in the United States for approximately three years, was arrested during a traffic stop and served with a Notice to Appear. *Id.* at ¶¶ 19–20. Petitioner is currently incarcerated in Aurora, Colorado and alleges that his arrest and incarceration violated the *Accardi* doctrine, substantive and procedural due process, and the Administrative Procedure Act. *Id.* at ¶ 21. Petitioner seeks immediate release, or, in the alternative, a custody or bond hearing. *Id.* at 20.

To protect the status quo and preserve this Court's jurisdiction, the Court hereby enjoins Respondents from removing petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated.

At this time, the Court takes no action with respect to the remainder of the relief sought in the Petition. The Court respects the urgency of a petitioner's allegations, as well as the expedited nature of habeas proceedings. Nevertheless, these considerations must be balanced with affording Respondents a reasonable time to assess the facts and legal issues from their perspective and respond appropriately.

To the extent not already done, counsel for Petitioner is directed by Friday, October 2, 2026, to: (1) serve Respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such

service on the docket. Counsel for Respondents shall promptly enter notices of appearance.

Within seven days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted. *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (stating that 28 U.S.C. § 2243's three-day deadline is "subordinate to the district court's authority to set deadlines") (citation omitted).

Dated: September 28, 2026.

BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge