IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-04762-RBJ

STEEVENSON DAVILMAR,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

# ORDER

---

Before the Court is Steevenson Davilmar's ("Petitioner") Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1. Among other relief, Petitioner seeks an order granting his immediate release, or, in the alternative, a custody or bond hearing. *Id.* at 20. Respondents have declined to submit an opposition brief. ECF No. 9. For the reasons below, the Court finds that Petitioner's detention is unlawful and orders his immediate release.

## I. Background

Petitioner entered the United States as a Haitian Humanitarian Parolee on October 27, 2023. *Id.* at ¶ 17. The U.S. Department of Homeland Security ("DHS") issued a parole document expiring in October 2025 for Mr. Davilmar, finding that

he is neither a flight risk nor a danger to the community. *Id.* Mr. Davilmar then received employment authorization and filed for Temporary Protected Status ("TPS"). *Id.* He currently has a pending asylum application. *Id.* at ¶ 18.

On August 12, 2026, Mr. Davilmar, who had been living and working in the United States for approximately three years, was arrested during a traffic stop and served with a Notice to Appear. *Id.* at ¶¶ 19–20. Petitioner is currently incarcerated in Aurora, Colorado and alleges that his arrest and detention violated the *Accardi* doctrine, substantive and procedural due process, and the Administrative Procedure Act. *Id.* at ¶ 21. Petitioner seeks immediate release, or, in the alternative, a custody or bond hearing. *Id.* at 20.

## II. Legal Standard

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing. 28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, 1:25-

cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sep. 16, 2025). Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

**III. Discussion**

Petitioner's detention three years after being paroled into the United States is unlawful. In detaining Petitioner, Immigration and Customs Enforcement ("ICE") failed to identify changed circumstances that now warrant Petitioner's detention despite a previous finding that Petitioner was not a flight risk or a danger to society. To the contrary, Petitioner had been working in the United States for three years since being paroled and has a pending asylum application. This violates ICE's own Directive, which states that ICE should, absent any other factors, grant parole upon finding that Petitioner is neither a danger nor a flight risk. *See* ICE Directive 11002.1, Parole of Arriving [Noncitizens] Found to Have a Credible Fear of Persecution or Torture (Dec. 8, 2009). ICE's failure to follow procedures governing its exercise of discretion renders Petitioner's detention unlawful. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266–68 (1954).

The Court now turns to the appropriate relief. "Federal district courts have broad equitable powers in ordering habeas relief," *Munoz Teran v. Bondi*, No. 25-cv-01218-KWR-SCY, 2026 WL 161527, at *6 (D.N.M. Jan. 21 2026), and have the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243.

Here, release is the only appropriate remedy that would restore Petitioner to status quo *ex ante*. ICE has unlawfully detained Petitioner. Ordering a custody or bond hearing would leave Petitioner worse off than before he was detained, as he faces either continued detention or release under more onerous conditions. Nor do Respondents contest that this is the appropriate remedy. ECF No. 6 at 2. Thus, the appropriate remedy is Petitioner's immediate release.

## IV. Conclusion

Therefore, it is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release Petitioner from detention within 48 hours of this Order.
2. Respondents SHALL NOT impose additional release conditions other than those that Petitioner was subject to prior to his detention.
3. The parties SHALL, within five (5) days of this Order, file a joint status report informing the Court of the status of Petitioner's release.
4. Respondents SHALL return to the Petitioner any personal property belonging to the Petitioner that they possess.
5. Respondents SHALL NOT transfer Petitioner outside the District of Colorado or remove him from the United States pending resolution of this case.

It is SO ORDERED.

Dated: October 7, 2026. BY THE COURT:



R. Brooke Jackson
Senior United States District Court Judge